

**FILED**
VANESSA L. ARMSTRONG, CLERK

OCT 1 7 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**RYAN MOORE**
**ERIC CARSON**, also known as "MAX"

INDICTMENT

NO. 3:18-CR- 172- DJH

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
21 U.S.C. § 853
18 U.S.C. § 1956(a)(1)(B)
18 U.S.C. § 1956(h)
18 U.S.C. § 981
28 U.S.C. § 2461

The Grand Jury charges:

COUNT 1
*(Conspiracy to Distribute Controlled Substances)*

Beginning in or about and between April 8, 2018 and August 2018, in the Western

District of Kentucky, Jefferson County, Kentucky, and elsewhere, **ERIC CARSON**, a/k/a

"MAX", defendant herein, aided and abetted by others, conspired with other persons, known and

unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute a

mixture and substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-

(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, and a mixture and

substance containing a detectable amount of heroin, a Schedule I controlled substance, as defined

in Title 21, United States Code, Section 812, and the use of such substances resulted in the

overdose death of another person, D.D.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

The Grand Jury further charges:

## COUNT 2
*(Possession of a Controlled Substance with Intent to Distribute – Heroin/Fentanyl)*

On or about April 8, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, **RYAN MOORE** and **ERIC CARSON**, a.k.a. "MAX", defendants herein, aided and abetted by others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1- (2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1).

The Grand Jury further charges:

## COUNT 3
*(Possession of a Controlled Substance with Intent to Distribute – Heroin)*

On or about August 3, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, **ERIC CARSON** a.k.a. "**MAX**", defendant herein, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1- (2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, and a mixture and substance containing detectable amount of heroin, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

The Grand Jury further charges:

COUNT 4
*(Conspiracy to Commit Money Laundering)*

On or about and between August 3, 2018 and continuing until at least September 9, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, **ERIC CARSON**, a.k.a. "MAX", defendant herein, did knowingly conspire with others to conduct financial transactions affecting interstate commerce, to wit, the payment of his bond, involving currency of the United States, known by the defendant to be proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances in the Western District of Kentucky, with the intent to conceal or disguise the specified unlawful activity, to wit, the unlawful distribution of controlled substances.

All in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (ii), and 18 U.S.C. § 1956(h).

NOTICE OF FORFEITURE

As a result of committing offenses in Title 21, United States Code, Sections 841 and 846, **RYAN MOORE** and **ERIC CARSON**, a.k.a. "MAX", defendants herein, shall forfeit to the United States any property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations.

Pursuant to Title 21, United States Code, Section 853.

As a result of committing an offense in violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, defendant **ERIC CARSON**, a.k.a. "MAX", shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived,  directly

3

or indirectly, from the gross proceeds obtained as a result of the offense alleged in this Indictment,

and any property involved therein.

Pursuant to Title 18, United States Code, Section 981.


A TRUE BILL.

FOREPERSON

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:LJW/EH:20181011

4

UNITED STATES OF AMERICA v. **RYAN MOORE** and **ERIC CARSON a/k/a "MAX"**

### P E N A L T I E S

Count 1: NL 20yrs./NM Life/$1,000,000/both/NL 3 yrs. Supervised Release
Count 2: NL 5yrs./NM 40yrs./$1,000,000/both/NL 3 yrs. Supervised Release
Count 3: NM 20yrs. Life/$5,000,000/both/NL 3 yrs. Supervised Release
Count 4: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

### N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
|---|---|---|---|
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1.   **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2.   Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.   Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

     1.     That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

     2.     Give bond for payment thereof.

     18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.

---

# UNITED STATES DISTRICT COURT
## Western District of Kentucky
### At Louisville

---

## THE UNITED STATES OF AMERICA

vs.

# RYAN MOORE
# ERIC CARSON a/k/a "MAX"

---

### INDICTMENT

**Count 1**
**Conspiracy to Distribute Controlled Substance**
21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 846

**Count 2**
**Possession of a Controlled Substance**
**With Intent to Distribute – Heroin/Fentanyl**
21 U.S.C. §841(a)(1)

**Count 3**
**Possession of a Controlled Substance**
**With Intent to Distribute – Heroin**
21 U.S.C. §§841(a)(1), 841(b)(1)(A)

**Count 4**
**Conspiracy to Commit Money Laundering**
18 U.S.C. §§1956(a)(1)(B)(i) and (ii) and 1956(h)

**Forfeiture**

---

*A true bill.*

_____
*Foreperson*

*Filed in open court this 17th day of October, 2018.*

FILED

VANESSA L. ARMSTRONG, CLERK

OCT 1 7 2018

_____ *Clerk*

*Bail, $*

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY